## Case No. 6,971.

### HYDE v. FOLGER et al.

[4 McLean, 255.] [1]

Circuit Court, D. Michigan. June Term, 1847.

EQUITY PRACTICE—EJECTMENT—INJUNCTION—
PARTIES.

1. By statute, an action of ejectment, in Michigan, must be brought against the tenant in possession. If no one be in possession, suit must be brought against any one exercising acts of ownership over the premises, or who claims title thereto.

2. A bill being filed by complainant, represented that he had purchased and paid for the land, and prayed that a title might be decreed, and for an injunction, etc. It was objected that the name of Hyde, the complainant, is not known in the proceedings at law. The court required the tenant in possession, to be named as co-complainant.

In equity.

Mr. Witherell, for complainant.
Mr. Backus, for defendants.

OPINION OF THE COURT. The bill states that the land in controversy in 1840, was purchased by complainant from Thomas Folger, by his agent, Henry G. Folger, who was authorized to sell the same by letter. That the said Henry was then in possession of the same, the terms not specially recollected. But complainant purchased the land and paid for it, in property and money, the sum of seven thousand dollars. In 1842 Thomas Folger died, and the land descended to his heirs, who are made defendants. That a deed was made by the said Henry, which, by the letter, he was not authorized to make. Since the death of Thomas, his heirs commenced an ejectment to recover the possession of the land, which action is still pending. And an injunction is prayed, and that the heirs may be compelled to make a good title, etc.

The motion for an injunction is resisted, on the ground that the name of Hyde is not known to the suit at law, his tenant being sued. By the 4th section of the act of Michigan, 1838, Revised Statutes, it is provided: "If the premises for which the action is brought, are actually occupied by any person, such actual occupant shall be named defendant in the declaration, by which the suit is commenced; if no occupant, the action must be brought against some one exercising acts of ownership on the premises claimed, or claiming title thereto, or some interest therein, at the commencement of the suit." Section 6: "No names, other than the real claimants and the real defendants, shall be used." The court required the tenant Jerome to be named as co-complainant, and granted the injunction. Under the statute, the name of the

landlord may be inserted on the record, on proof of his claim, and he will be permitted to defend.